UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT K. GADDY,

                Plaintiff,

      -against-

SULLIVAN COUNTY JAIL
ADMINISTRATOR AND MEDICAL DEPT.,
et al.

                Defendants.

24-CV-4243 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

KIMBA M. WOOD, United States District Judge:

    Plaintiff, proceeding *pro se*, was detained at Sullivan County Jail when he filed his original complaint on May 28, 2024. (ECF No. 1.) Plaintiff was no longer in custody at the time he filed his amended complaint on February 4, 2025. (ECF No. 12.) He asserts claims against the jail, its employees, and medical staff, for deliberate indifference to his serious medical needs under 42 U.S.C. § 1983. By Order dated July 1, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 8.) For the reasons set forth below, the Court dismisses the amended complaint and grants Plaintiff 30 days' leave to replead.

**STANDARD OF REVIEW**

    The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners who seek relief against a governmental entity, or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the amended complaint.[2]  (ECF No. 12.)  On April 28, 2021, Plaintiff Robert Gaddy was booked into Sullivan County Jail, where corrections officers noted that he had a visibly deformed and bruised right shoulder.  (*Id.* at 1.)  On April 29, 2021, Plaintiff submitted a medical request form, but he did not receive any immediate treatment.  (*Id.*)  On May 3, 2021, after receiving no response to his medical request, Plaintiff informed Corrections Officer Kurtz that he was suffering serious pain from his injury.  (*Id.*)

---

[2] The Court quotes from the amended complaint verbatim.  All spelling, grammar, and punctuation appear as in the amended complaint, unless noted otherwise.

Kurtz then called the Sullivan County Jail Medical Department, and Corrections Officer Lakata later brought Plaintiff medication to help with the pain. (*Id.*)

On an unspecified date, Corrections Officer Davis and other officers escorted Plaintiff to Garnett Medical Center, where x-rays of his shoulder were taken, and he was prescribed medication.[3] Upon returning to Sullivan County Jail, "Wendy" from the "Medical Dept." told Plaintiff that he would be hearing "something in regards to [his] shoulder really soon" and that the Sullivan County Jail facility doctor would see him. (*Id.* at 2.)

Between the Garnett Medical Center visit and May 25, 2021, Plaintiff submitted numerous medical request forms, but received no response or medical help. (*Id.*) On May 25, 2021, Plaintiff was seen by an orthopedic specialist at Garnett Medical Center, who recommended a procedure to repair his shoulder and wrote Plaintiff a prescription for medication. (*Id.*) However, this procedure was not scheduled or performed during Plaintiff's incarceration. (*Id.*) Plaintiff continued to submit medical request forms, complain to the nurses at sick call, and request medication during the medication rounds, without receiving any help in response. (*Id.*)

On August 18, 2021, Plaintiff learned that Sullivan County Jail was switching to Prime Care Medical, Inc. ("Prime") and that Dr. Weiss was taking over. (*Id.*) Plaintiff reached out to Sullivan County Jail Administration Grievance Coordinator Janet Calangelo for assistance and submitted a grievance, but he did not receive a response within 30 days. (*Id.* at 2-3.) Plaintiff grieved the lack of a timely response and received the following notification, "Unfortunally your

---

[3] Plaintiff indicates that the date was April 4, 2021, but this appears to be an error because Plaintiff was not taken into custody until April 28, 2021.

Grievance # 21-547 in regards to your serious Right shoulder surgury has been misplaced or lost but you can resubmit." (*Id.* at 3.)

Plaintiff states that Prime took over medical operations at Sullivan County Jail on August 16, 2021. (*Id.* at 7.) He contends that "everyone working under Prime Care Medical, Inc. Dr. Weiss [was] completely dismissing [his] duress." (*Id.* at 2-3.) On October 19, 2021, Plaintiff was transferred to Downstate Correctional Facility. (*Id.* at 3.) In May 2023, Plaintiff was released from custody. (*Id.* at 3-4.)

On March 6, 2024, Plaintiff was arrested again and returned to Sullivan County Jail. (*Id.* at 4.) He submitted grievances for the denial of medical treatment for a broken tooth and an infection.[4] (*Id.*) He requested copies of the grievances that he had filed, and received a copy of his previous grievance concerning his requests for medical care for his shoulder, which had supposedly been lost. The response to that grievance indicated that Plaintiff had been seen by an orthopedic surgeon on May 25, 2021, that the orthopedist had made recommendations, and that "arrangements were being made for such [a] procedure." (*Id.*)

Plaintiff, who is no longer in custody, states that his "shoulder [is] still injured and deformed," and that treating it would alleviate "unknown amounts of wanton pain and permanent deformity." (*Id.* at 5.) He sues Prime, Dr. Weiss, Nurse Burlingame, and "all medical staff under direct orders of" Dr. Weiss. (*Id.* at 6.) Plaintiff also sues "Wendy Doe," who worked for the private medical company that contracted with Sullivan County Jail before the contract was switched to Prime. (*Id.*) For his claims about the lost grievance documents concerning his shoulder and the related grievance process, Plaintiff sues Captain James Ginty (Grievance Chief

---

[4] Plaintiff mentions his broken tooth solely in connection with his grievances. He does not explicitly state a deliberate indifference claim in connection with his broken tooth or identify any defendant who allegedly was deliberately indifferent to pain from his broken tooth.

4

Administrative Officer) and Grievance Coordinator Janet Calangelo.  Plaintiff seeks $1,000,000 in damages and "to get [his] deformed shoulder repaired and all physical therapy required."  (*Id.* at 5.)

## DISCUSSION

### A.     Deliberate Indifference to Serious Medical Needs

The Court evaluates a pretrial detainee's claims under the Due Process Clause of the Fourteenth Amendment.  *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("Pretrial detainees have not been convicted of a crime and thus 'may not be punished in any manner—neither cruelly and unusually nor otherwise.'" (alteration adopted)); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that courts rely on the Due Process Clause when considering the claims of pretrial detainees, while the Eighth Amendment applies only after an individual has been sentenced).

To state a claim under Section 1983 for constitutionally inadequate medical care under the Due Process Clause, a plaintiff must allege: (1) that the challenged conditions are sufficiently serious, and (2) that the defendant acted with at least deliberate indifference to the challenged conditions.  *Darnell*, 849 F.3d at 29.  To satisfy the first element, the plaintiff must plead facts that "show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, including "the risk of serious damage to 'physical and mental soundness.'"  *Id.* at 30 (citations omitted).  To satisfy the second element, the plaintiff must allege facts showing that the defendant "acted intentionally to impose the alleged condition or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."  *Id.* at 35.  Thus, "the Due Process Clause

5

can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." *Lara-Grimaldi v. Cnty. of Putnam*, 132 F.4th 614, 632 (2d Cir. 2025) (citation omitted). Nonetheless, "any § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence." *Darnell*, 849 F.3d at 36. Moreover, "mere disagreement over the proper treatment" does not rise to the level of a constitutional claim for deliberate indifference. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

The Court construes Plaintiff's complaint as making two claims: (1) that his pain medication was delayed, and (2) that surgery for his deformed shoulder was delayed or denied.

**1.    Claims Against "Wendy Doe"**

Plaintiff asserts a Section 1983 claim for damages based on the denial of pain medication for four or five days, from April 28 or April 29, 2021, until May 3, 2021. (ECF No. 12 at 1.). Where a claim is based on a temporary delay or interruption in treatment, a court evaluating the seriousness of the medical need "can properly take into account the severity of the temporary deprivation alleged by the prisoner." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003). In other words, it is the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition . . . that is relevant [.]" *Id.* (holding that the district court properly focused on the 5-day delay in obtaining HIV medication, rather than HIV status alone).

Denial of pain medication can in some situations constitute serious harm, and the Court assumes, for purposes of this Order, that the 4 to 5 day delay in obtaining medication posed a serious harm. Plaintiff has not identified, however, any defendant who was or should have been aware of the serious harm, or risk of harm, and disregarded it. Plaintiff alleges that when he told Corrections Officer Kurtz that he was in serious pain, Kurtz called the medical unit and "some

6

time later CO Lakata brings me medication to help with my pain." (ECF No. 12 at 1.) Thus, Plaintiff has alleged that non-parties assisted him in obtaining medication, but he has not pleaded facts about anyone who was or should have been aware of his serious medical need and acted with deliberate indifference. Plaintiff identified Defendant "Wendy Doe" as someone who worked for the private medical company that supplied medical care before Prime took over, but he does not allege any facts suggesting that she was personally involved in denying or delaying him pain medication. Plaintiff's allegations about the 4 to 5 day delay in receiving pain medication are therefore insufficient to state a Section 1983 claim against any defendant for the denial of his rights under the Fourteenth Amendment.

Plaintiff also alleges that on a separate occasion, he did not receive pain medication that a private orthopedist had prescribed for him. Plaintiff states:

> Corrections Officers Stewart and Rodgers escort[ed] me back to the Sullivan County Jail. And medical tells me that I'll be hearing from the Doctor again. On May 25th 2021 while Medication Cart is making its rounds Sullivan County Jail Medical denies me my prescribed medications for the discomfort and severe pain caused from my serious medical problem. Every day following the visit with the ortho specialist, I complained by way of Sullivan County Jail medical request forms and Plaintiff verbally requesting someone to help [him:] correction officers, nurses during Medication Rounds.

(ECF No. 12 at 2.)

Plaintiff complained to "pod officers" and nurses at sick call and during the medication rounds, but he never received a response or treatment. (*Id.*) He filed a grievance on August 18, 2021, after learning that Sullivan County Jail was "in the process of swapping medical departments to Prime."[5] (*Id.*) It is unclear if or when Plaintiff received pain medication.

---

[5] Plaintiff was later notified that this grievance had been misplaced, and he asserts a separate claim, addressed below, based on the failure to adjudicate his grievance. Insofar as Plaintiff may be suggesting that his grievance was intentionally "lost" or misplaced, he has not alleged any facts supporting such an inference.

7

These allegations are also insufficient to state a claim against any individual defendant. Plaintiff has not identified any named defendant who was personally involved, or pleaded facts about what any named defendant knew and whether any was responsible for acting on his medication requests. Plaintiff's allegations are therefore insufficient to show that any named defendant was deliberately indifferent to his medical need for pain medication on May 25, 2021, and the period immediately following. The Court therefore dismisses Plaintiff's Section 1983 claims against Defendant Wendy Doe, who appears to be the only named defendant employed during this period, and all other defendant arising from these facts.

### 2. Claims Against "Sullivan County Jail Administrators and Medical Dept"

Plaintiff names "Sullivan County Jail Administrators and Medical Dept" as a defendant. In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3). A "plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) (emphasis omitted). Sullivan County's municipal charter does not permit the Jail or its Medical Department to be sued. *See, e.g.*, Sullivan Cnty. Charter, art. VII, § C7.01 (Sheriff and County Jail).[6] Therefore, Plaintiff's claims against the Sullivan County Jail and Medical Department must be asserted against "the municipality itself, not the agency through which the municipality acted." *Pearson v. O.C.J. of Goshen, New York*, No. 24-CV-8254, 2025 WL 370965, at *3 (S.D.N.Y. Feb. 3, 2025) (Karas, J.).

---

[6] In contrast, in *Edwards*, the Second Circuit concluded that the Westchester County Department of Corrections had the capacity to be sued where the Westchester County Charter referred to "all actions or proceedings wherein the County of Westchester *or any agency, commission, department or bureau thereof* is a party . . . ." *Edwards*, 125 F.4th at 354 (emphasis in original).

8

Plaintiff's allegations are nonetheless insufficient to state a claim against Sullivan County. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978))).

To state a Section 1983 claim against a municipality, such as Sullivan County, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80-81 (2d Cir. 2012). Plaintiff does not allege that he was denied pain medication pursuant to any policy, custom, or practice of the medical department, either upon his initial admission or after a private orthopedist prescribed pain medication on May 25, 2021. Plaintiff's allegations are therefore insufficient to state a Section 1983 claim against Sullivan County based on the denial of pain medication. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

As for Plaintiff's claims against the Sullivan County Jail Administrator, Plaintiff cannot sue the Administrator in either their official or individual capacity. First, courts have routinely dismissed claims against a government entity's employees in their official capacity as "duplicative" of claims against the government entity. *See, e.g.*, *Alvarado v. Westchester Cnty*, 22 F. Supp. 3d 208, 213-14 (S.D.N.Y. 2014) (Briccetti, J.); *Castanza v. Town of Brookhaven*,

9

700 F. Supp. 2d 277, 284 (E.D.N.Y. Mar. 22, 2010) (citation omitted).  Second, Plaintiff does not make any allegations regarding the Administrator's personal involvement in a violation of Plaintiff's rights, and therefore cannot sue the Administrator in their individual capacity.  *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." (citation omitted)). Accordingly, the Court dismisses Plaintiff's claims against the Sullivan County Jail Administrator in both their official and individual capacities.

### 3.     Claims Against Prime Defendants

Plaintiff alleges that Dr. Weiss, Nurse Burlingame, and other Prime employees who provided medical care at Sullivan County Jail from August 16, 2021 to October 19, 2021—the two months preceding Plaintiff's transfer to Down State Correctional—failed to schedule him for surgery for his "deformed shoulder," despite the fact that an orthopedist had recommended on May 25, 2021 that Plaintiff receive surgery.

It is not apparent from the allegations in the amended complaint that this delay in scheduling surgery for Plaintiff's "deformed shoulder" posed an excessive risk of harm to Plaintiff's health.  The length of the delay does not appear excessive, and there are no allegations that the failure to address the issue earlier had lasting effects.  *See, e.g.*, *Hathaway v. Coughlin*, 841 F.2d 48, 50-51 (2d Cir. 1988) (reversing grant of summary judgment for defendant on deliberate indifference claim, where plaintiff had complained of hip pain more than 70 times, and doctor did not discuss surgery or inform plaintiff that he had two broken pins in his hip, despite having met with him 20 times after discovering the broken pins).

Moreover, even if the Court assumes that the risk of such a delay was objectively serious, Plaintiff's allegations are insufficient to show that either Dr. Weiss or Nurse Burlingame had a

sufficiently culpable state of mind to warrant liability. Plaintiff does not allege any facts to suggest that he met with Dr. Weiss or Nurse Burlingame, or that they were personally aware, or should have been aware, of the recommendation for surgery or of any facts suggesting that delay would create special harm.

Plaintiff also sues "all medical personnel under the direction of Dr. Weiss," and alleges that "everyone working under Prime Care Medical, Inc. Dr. Weiss [was] completely dismissing [his] duress." (ECF No. 12 at 2-3.) This allegation is not supported by any factual detail, such as information about with which medical personnel Plaintiff met, what information these individuals had (or what Plaintiff told them), and what they did or failed to do that violated his rights. Plaintiff thus has not alleged facts showing that any of these Prime Defendants had a sufficiently culpable state of mind.

Moreover, a Section 1983 claim must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. The Supreme Court has held that a physician is a state actor for purposes of Section 1983 when he provides health care to prisoners, in the prison, pursuant to a contract with the facility. *West v. Atkins*, 487 U.S. 42, 54-56 (1988); *see also Sykes v. McPhillips*, 412 F. Supp. 2d 197, 202 (N.D.N.Y. 2006) ("It is clear that medical providers working in a prison are state actors. It is also clear that hospitals and physicians that provide care outside of the prison facility may be held to be state actors when they work pursuant to contract.").

Even viewing the Prime Defendants as state actors, Plaintiff fails to state a claim under Section 1983 because Plaintiff makes no allegations that Prime had a policy, custom, or practice that caused a violation of Plaintiff's constitutional rights in connection with treatment of his shoulder. *See Monell,* 436 U.S. at 692. Plaintiff's allegations thus do not state a Section 1983

11

for deliberate indifference, in violation of the Fourteenth Amendment, against any of the Prime Defendants.

**B.      Handling of Grievances**

Plaintiff asserts claims against James Ginty (Grievance Chief Administrative Officer), and Grievance Coordinator Janet Calangelo for the alleged mishandling of his grievance. The alleged mishandling consisted of Plaintiff having been notified that the grievance had been lost or misplaced and that he would have to resubmit it, but the "lost" grievance later surfaced in response to his request for copies of his prior grievances. (ECF No. 12 at 4.)

Although the First Amendment protects a prisoner's right to meaningful access to the courts and to petition the government for redress of grievances, violations of state-created grievance procedures do not give rise to a cognizable Section 1983 claim. *Burrell v. DOCCS*, 655 F. Supp. 3d 112, 132 (N.D.N.Y. 2023); *see also Cancel v. Goord*, 2001 WL 303713, *3 (S.D.N.Y. Mar. 29, 2001) (McKenna, J.). In addition, prisoners do not have a property or liberty interest in the grievance procedure. *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (Marrero, J.) (finding that "correction officers' failure to properly address [the prisoner's] grievances by conducting a thorough investigation to his satisfaction does not create a cause of action for denial of due process because [the prisoner] was not deprived of a protected liberty interest"); *Brown v. Graham*, 470 F. App'x 11, 13 (2d Cir. 2012) (summary order) (noting that, where prison officials failed to comply with state grievance procedure, a plaintiff cannot state a claim that he "was deprived of any substantive liberty interest"); *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (Karas, J.) (collecting cases). Plaintiff's allegations that his grievance was lost therefore do not implicate his constitutional rights, and his Section 1983 claim based on the mishandling of his grievance fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.	**State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (holding that once the district court has dismissed all claims over which it has original jurisdiction, "although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND IS GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff

may be able to allege additional facts to state a valid claim for deliberate indifference, the Court grants Plaintiff 30 days' leave to file a second amended complaint to detail his claims.[7]

If Plaintiff does not file a second amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

The Court dismisses Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court grants Plaintiff 30 days' leave to file a second amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  August 4, 2025                            /s/ Kimba M. Wood
        New York, New York

                                                  _____
                                                        KIMBA M. WOOD
                                                   United States District Judge

---

[7] The operative amended complaint was filed as of right, Fed. R. Civ. P. 15, before the Court notified Plaintiff of any deficiencies in his original pleading.